UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>DANNY JOSEPH FABRICANT, ET AL.<br><br>　　Defendants. | ) No. CV 03-1257(A)-RSWL<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　On February 11, 2008, Defendant Daniel Joseph Fabricant's twelve (12) Motions came on Regular Calendar.

　　Defendant Fabricant represented himself pro se, with the assistance of advisory counsel, Sean Kennedy. The Government was represented by AUSA April Christine.

　　After consideration of the papers, arguments of counsel, and all matter presented to the Court in

connection with these Motions, **IT IS HEREBY ORDERED AS FOLLOWS**:

I.  <u>Defendant Fabricant's Motion for Issuance of Order to MDC-LA Allowing Any Attorney or Investigator to Visit</u>

Defendant Fabricant's for Issuance of Order to MDC-LA Allowing Any Attorney or Investigator to Visit is **DENIED**. Defendant has failed to demonstrate why such unfettered access to attorneys and investigators is necessary for the protection of his due process rights. Defendant confirmed that with the exception of a single instance, Defendant's advisory counsel has been granted access to Defendant.

Moreover, even if Defendant could establish a right to unrestricted visitors, a prison regulation can impinge upon his right if it is reasonably related to a legitimate penological interest. <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987). Here, the facts illustrate a reasonable relation between MDCLA's visitation policy and the goal of prison security. Therefore, Defendant's Motion for Issuance of Order to MDC-LA Allowing Any Attorney or Investigator to Visit is **DENIED**.

///
///
///

II. <u>Defendant Fabricant's Motion to Be Permitted to Make Confidential Phone Calls from the MDC-LA</u>

Defendant has failed to show why unmonitored phone calls with potential witnesses is necessary to protect Defendant's due process rights.  Moreover, even if Defendant could establish a right to unmonitored correspondence, a prison regulation can impinge upon his right if it is reasonably related to a legitimate penological interest.  See <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).  Here, the facts illustrate a reasonable relation between MDCLA's phone policy and the goal of prison security.

Therefore, Defendant's Motion to Be Permitted to Make Confidential Phone Calls from the MDC-LA is **DENIED**.

**IT IS FURTHER ORDERED**: that Government must seek this Court's approval prior to attempting to access any of Defendant's monitored telephone calls.  Moreover, any of Defendant's conversations that are protected by the Attorney Work Product Doctrine, or the Attorney Client Privilege will not be admissible at trial.

///
///
///
///

### III. Defendant Fabricant's Ex-Parte Application for Re-issuance of Reimbursement Order

Defendant Fabricant's Application is **GRANTED.** Defendant will be reimbursed for reasonable copying costs, typewriter ribbons, postage, paper, pens and other office supplies associated with his legal defense subject to adequate proof that defendant incurred the claimed expense for the purpose of his representation. Defendant is required to submit on CJA Form 21 an itemization of such costs, when and for what purpose they were incurred and receipts substantiating such costs to the attention of Randall W. Schnack, United States CJA Supervising Attorney, United States District Court, US Courthouse, 312 North Spring Street, Room G-8, Los Angeles, CA 90012-4797 for review, approval and payment directly to defendant.

### IV. Defendant Fabricant's Notice of and Motion to Amend the First Superseding Indictment to Conform to the Verdicts in the First Trial

The First Superceding Indictment is sufficient because the indictment adequately tracts the language of the statutes and enumerates the elements of the charged offenses. See <u>United States v. Tavelman</u>, 650 F.2d 1133, 1137 (9th Cir. 1981) (holding that an indictment

4

which tracks the offense in the words of the statute is sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved).

Additionally, Defendant's proposed amendment to include the phrase "actual meth." is unsupported by the law.

Therefore, Defendant's Motion to Amend the First Superseding Indictment to Conform to the Verdicts in the First Trial is **DENIED**.

V. <u>Defendant Fabricant's Motion to Be Permitted to Mail Out and Receive Confidential Letters, to and From, Potential Witnesses and Others</u>

Defendant has failed to show why unmonitored correspondence with potential witnesses is necessary to protect Defendant's due process rights.  Moreover, even if Defendant could establish a right to unmonitored correspondence, a prison regulation can impinge upon his right if it is reasonably related to a legitimate penological interest.  See <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).  Here, the facts illustrate a reasonable relation between MDCLA's mail policy and the goal of prison security.  Therefore, Defendant's Motion to Be

Permitted to Mail Out and Receive Confidential Letters, to and From, Potential Witnesses and Others is **DENIED**.

**IT IS FURTHER ORDERED**: that Government must seek this Court's approval prior to attempting to access any of Defendant's mail.  Moreover, any of Defendant's mail that is protected by the Attorney Work Product Doctrine, or the Attorney Client Privilege will not be admissible at trial.

VI. <u>Defendant Fabricant's Motion to Have an Advertisement Placed in the Los Angeles Daily Journal</u>

Defendant Fabricant's Motion to Have an Advertisement Placed in the Los Angeles Daily Journal is **DENIED**.

Defendant has failed to demonstrate that such an advertisement is necessary.  Defendant is able to use his advisory counsel to secure an investigator.

VII. <u>Defendant Fabricant's First Pre-trial Discovery Motion</u>

Defendant has failed to make a prima facie showing that he is entitled to any of the categories of

documents he requests in his Motion.

Discovery in criminal cases is extremely limited. Indeed, there is no general constitutional right to discovery in a criminal case. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Similarly, the government in a criminal case is under no obligation "to make a complete accounting to the defense of all evidence in its possession." United States v. Baxter, 492 F.2d 150, 173 (9th Cir. 1973) (citing Moore v. Illinois, 408 U.S. 786 (1972)). The burden is instead on the on a defendant to make a prima facie showing of materiality in order to obtain discovery. United States v. United States District Court, 717 F.2d 478, 480 (9th Cir. 1983).

Here, Defendant has failed to make any showing under either Rule 16 of the Federal Rule of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500 (West 2000). Absent that showing, discovery is not warranted.

Therefore, Defendant Fabricant's First Pre-trial Discovery Motion  is **DENIED**.

Notwithstanding this ruling, and in light of the

Ninth Circuit's opinion, the Government is **HEREBY ORDERED** to review all materials related to this matter to ensure the Court that the Government has complied with the discovery rules. The Government has sixty (60) days from the date of this order to confirm that it has complied with its discovery obligations, or to produce any necessary evidence.

VIII. <u>Defendant Fabricant's Motion to Be Permitted to Possess a Word Processor in the MDC-LA</u>

Defendant has failed to show why a word processor is necessary to protect Defendant's Fifth Amendment right to access the court. Fabricant's access to a word processor does not fall within the minimum requirements he is afforded by the Constitution. <u>See</u> <u>Lindquist v. Idaho State bd. of Corrections</u>, 776 F.2d 851, 856 (9th Cir. 1985). Denying Fabricant access to a personal word processor does not deny him "meaningful" access to the courts. <u>See</u> <u>id</u>.

Therefore, Defendant's Motion to Be Permitted to Possess a Word Processor in the MDC-LA is **DENIED**.

///
///
///
///

IX. <u>Defendant Fabricant's Motion in Limine to Preclude Any Evidence and/or Evidence About His Use of the Name Joe Carse</u>

Defendant Fabricant's Motion in Limine to Preclude Any Evidence and/or Evidence About His Use of the Name Joe Carse is **GRANTED IN PART and DENIED IN PART**.

Evidence of Defendant Fabricant's use of the alias Joe Carse is excluded for all purposes, except where relevant for impeachment, should Defendant choose to testify. Use of the alias has low probative value, but presents a high risk of undue prejudice, and is therefore excluded under Federal Rule of Evidence 403. unless such evidence is being used for impeachment in the event Defendant elects to testify.

X. <u>Defendant Fabricant's Motion for An Order Requiring the Officials at MDC-LA to Provide Him E-Mail Access</u>

Defendant Fabricant's Motion for An Order Requiring the Officials at MDC-LA to Provide Him E-Mail Access is **DENIED**.

Defendant has failed to demonstrate that such an order is warranted. Defendant has adequate access to

9

all filings and Court documents, as it is required that he be served all such documents via standard mail.

XI. <u>Defendant Fabricant's Motion for Issuance of An Order to the Warden of the MDC-LA Requiring Him to be Permanently Placed on 'Extra Law Library' List</u>

Defendant's Motion for Issuance of An Order to the Warden of the MDC-LA Requiring Him to be Permanently Placed on 'Extra Law Library' List is **DENIED**.

In enacting the Prison Litigation Reform Act, Congress expressed a clear desire to reduce the quantity and increase the quality of prisoner suits. For the sake of judicial efficiency, prisoners should exhaust administrative remedies prior to seeking relief from the Court. Here, Defendant Fabricant has failed to utilize the proper administrative channels to make his request. 28 C.F.R. § 542.10.

Moreover, Defendant Fabricant continues to have access to the law library. Since the prison regulation does not prevent Defendant Fabricant from exercising his right to access legal materials, it is a reasonable restriction. See <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).

XII. <u>Defendant Fabricant's Motion for an Order Addressed to the U.S. Marshal Service, Allowing Him to Access the Paperwork He Brings to Court, While in the Courthouse Holding Tank in the Courthouse</u>

Defendant Fabricant's Motion for an Order Addressed to the U.S. Marshal Service, Allowing Him to Access the Paperwork He Brings to Court, While in the Courthouse Holding Tank in the Courthouse  is **DENIED**.

Defendant has failed to demonstrate why that he suffers any injury as a result of not being able to access his paperwork during the limited period when he is housed in the Courthouse Holding Tank.  Moreover, even if Defendant were able to demonstrate an injury, under the reasoning announced in <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987), the regulation would be upheld.

///
///
///
///
///
///
///
///
///

At the conclusion of the hearing for the above Motions, Defendant requested that his appointed advisory counsel - Sean Kennedy's - status be changed to that of co-counsel.  After full explanation of the risks of benefits of such an appointment, Defendant's request was **GRANTED**.  Mr. Kennedy was therefore appointed as co-counsel.

**IT IS SO ORDERED.**

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

DATE: February 14, 2008