UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>        v.<br><br>DANNY JOSEPH FABRICANT<br><br>    Defendant. | CR<br>No. ~~CV~~ 03-1257(A)-RSWL<br><br>ORDER RE: MOTIONS IN LIMINE |

On August 14, 2008 Defendant Daniel Fabricant's seven Motions in Limine and Government's three Motions in Limine came on for regular calendar before this Court. Plaintiff, United States of America, appeared through its counsel of record, Assistant United States Attorneys April A. Christine and Martin Estrada, and defendant DANIEL JOSEPH FABRICANT ("defendant"),

appeared <u>pro se</u> with co-counsel of record, Sean K. Kennedy, the Federal Public Defender.  The Court having reviewed all papers submitted pertaining to each of these ten Motions and considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

1. <u>Defendant Fabricant's Ex-Parte Application for the Issuance of an Order Reminding the United States Attorney's Office that the Defendant is Still Appearing Pro Se in This Case</u>

    Defendant's Motion is **GRANTED**, the Government is hereby reminded that for service to be considered proper in this case, Defendant must be personally served all filings and discovery.

2. <u>Defendant's Motion for Transfer of Evidence for Quantitative and Qualitative Analysis at an Independent Laboratory</u>

    Daniel Joseph Fabricant("Defendant") was charged in a five-count superseding indictment with distribution of, possession with intent to distribute, and conspiracy to distribute, methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).
    In a trial held on July 28, 2004, a jury convicted

Defendant on all five counts.  On September 7, 2007, the Ninth Circuit reversed Defendant's convictions and remanded the case for further proceedings based exclusively on the Court's restriction of the cross examination of the confidential informant.  A retrial is now set for September 16, 2008.

During the first trial, Government presented testing reports pertaining to the authenticity of the methamphetamine allegedly purchased from Defendant by the confidential informant.  The Court also granted Defendant's request to have the substance retested at the same laboratory, but through a different technician.

Currently, Defendant seeks a separate order transferring the substances to an independent lab for testing.  According to the Government, such testing is unwarranted and would be inherently unreliable in light of the over four year passage of time.

     a.  *Legal Standard*

Defendant cites <u>Barnard v. Henderson</u>, 514 F.2d 744 (5th Cir. 1977) for the proposition that Defendant is entitled to have an expert of his own selection "examine the physical evidence."  (Mot. at 4.)  In <u>Barnard</u>, the government failed to permit the defendant to examine and conduct a ballistics test on the gun allegedly used in the murder.  In reversing the defendant's conviction, the court stated that "[f]undamental fairness is

3

violated when a criminal defendant on trial for his liberty is denied the opportunity to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion. Id. at 746.

The Ninth Circuit has cited Barnard and agreed that the defendant has the right to procure alternative expert testimony, but that the failure to do so does not necessarily constitute reversible error. United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1982)(finding harmless error in the Court's refusal to continue the trial to allow for contrary expert testimony based on the substantial weight of the evidence).

b. *Analysis*

Based on the above, the Court begins from the position that Defendant is entitled to conduct independent testing of the alleged narcotics. Government opposes such a Motion based on its claims that the substances will have lost much of their weight and quality in light of the four year passage of time.

In the instant matter, unlike the case law cited herein, Defendant was already afforded the opportunity to have the substances tested. Significantly, the two test reports reach almost identical results, diverging

4

only in relation to quantity of the product.  Based on these two test results, the Court remains unpersuaded that additional testing will lead to materially different results.

Nevertheless, because such testing will neither burden the Government nor hinder the currently scheduled trial, the Court deems such testing appropriate. Government's arguments that the testing will be inherently unreliable will go directly to the weight the evidence should be given at trial and is not a significant factor in deciding whether Defendant should be allowed access to independent testing.

Therefore, Defendant's Motion is **GRANTED**.  The Government is hereby ordered to make the substances available for testing with all due haste.

3. <u>Defendant's Motion to Make the Officials of the MDC-LA Parties to the Court's 02-14-08 Order</u>

With this Motion, Defendant seeks an Order making the MDC-LA a party to the Court's February 14, 2008 Order prohibiting the Government from accessing or utilizing any of Defendant's telephone conferences without permission from the Court.  Defendant's argument that MDC-LA could deliver these previously restricted telephone calls to the Government does not affect the

5

Court's prior Order, because the Government remains unable to use such calls without permission from the Court. Therefore, the Motion is **DENIED.**

4. <u>Defendant Fabricant's Motion to Discover Brady and Giglio Information</u>

Defendant's Motion seeks all discoverable information under both <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. U.S.</u>, 405 U.S. 150 (1972).

In <u>Brady</u>, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Brady</u>, 373 U.S. at 87. The test for materiality under <u>Brady</u> is whether there is a "reasonable probability" that the evidence will affect the outcome of the trial. <u>United States v. Agurs</u>, 427 U.S. 92, 104 (1976); <u>See</u> <u>also</u> <u>United States v. Bagley</u>, 473 U.S. 667, 674 (1985).

Impeachment evidence as well as exculpatory evidence fall within the <u>Brady</u> rule. <u>Bagley</u>, 473 U.S. 667 at 675. In <u>Giglio</u>, 405 U.S. at 154, the government failed to disclose impeachment evidence, evidence that the government promised not to prosecute its key witness

6

if that witness testified. Such non-disclosure was a violation of the defendant's due process. <u>Id.</u>

In <u>Kyles v. Whitley</u>, the Supreme Court stated that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995); <u>See also</u> <u>United States v. Chen</u>, 754 F.2d 817, 824 (9th Cir. 1985) (holding that the prosecution must produce all <u>Brady</u> information within the possession or control of law enforcement personnel).

Here, Defendant moves the Court to order Government to produce: 1) all payments and benefits given to informant Michael C. Kramer[1] by government agents, 2) all contracts and plea agreements between Kramer and government authorities[2], 3) any materially exculpatory impeaching information that might reflect on Kramer's testimony in this case, (4) sentencing information pertaining to Cynthia Garcia. Additionally, at the hearing on this matter, Defendant stated that he was unsatisfied with the redactions from certain documents he had received.

---

[1] Specifically, Defendant seeks actual payment verification in the form of payment sheets.

[2] During the hearing on this matter, co-counsel Sean Kennedy eluded that the Defendant was seeking any agreement that the confidential informant may have entered into with the U.S. Marshal's Office.

7

Each category of documents requested by Defendant falls squarely under the Brady and Giglio line of cases. For that reason, the Court **GRANTS** the Motion. The Government is required to produce all payment sheets delineating any payments or benefits received by Mr. Kramer as a result of his cooperation with the investigation into the Hells Angeles.[3] The Government is further ordered to produce any other exculpatory or impeaching evidence in its direct possession or in the possession of other governmental agencies.

Finally, the Government is ordered to submit for *in camera* review, in unredacted form, documents which have been substantially redacted prior to production.

5. Government's Motion in Limine to Preclude Re-Litigation of Court's Prior Pretrial Orders and Rulings Under The "Law of the Case" Doctrine

Currently, Government has asked this Court to grant its motion in limine to preclude Defendant from relitigating any of the prior pre-trial orders and rulings.

The orders include 1) permitting the government to introduce in its case-in-chief Defendant's two prior 1998 convictions for possession of methamphetamine for

---

[3] These documents may be redacted where necessary.

sale under Fed. R. Evid. 404(b); 2) permitting the government to introduce, for purposes of impeachment, Defendant's three prior felony convictions for possession of a controlled substance for sale pursuant to Fed. R. Evid. 609; 3) excluding evidence and/or argument about the CI's March 28, 2002 statements concerning African-Americans; 4) precluding any evidence and/or argument about the CI's convictions for failure to appear, DUI, and theft; and 5) denying the motion to suppress evidence.

"Under the 'law of the case' doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997); accord Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993). That is, a decision of law in a case, once made, should not be changed absent clear error in the original ruling or a change in the relevant circumstances. United States v. Estrada-Lucas, 651 F.2d 1261, 1263-64 (9th Cir. 1980).

Currently, there exists no clear error, change in the law or change in relevant circumstances that would warrant relitigation of any of these Motions. Indeed, Defendant all but admitted that no changed circumstances existed.

Therefore, the Court **GRANTS** Government's Motion at this time.

6. <u>Government's Motion in Limine to Permit use of Defendant's Prior Testimony in the Government's Case-in-Chief and to Preclude References to the First Trial, Appeal or the Ninth Circuit's Reversal</u>

The Government requests that this Court preclude all references to the first trial, the appeal, or the Ninth Circuit's reversal and that the Court permit use of Defendant's prior testimony in the Government's case-in-chief.

All parties are precluded from referencing the Appeal or the Ninth Circuit's reversal because the evidence is irrelevant to the issues in this matter and would be unduly prejudicial and confusing to the jury. As to references regarding the first trial, that information is similarly irrelevant.  However, as the Court foresees that references to the first trial may become necessary, the parties are precluded from mentioning the "first trial" by name, the parties shall instead exclusively refer to the first trial as the "prior proceeding" or to any prior testimony at that trial as testimony occurring at a "prior proceeding under oath."

Furthermore, "'a defendant's testimony at a former trial is admissible against him in a later proceeding.'" United States v. Baker, 850 F.2d 1365, 1370 (9th Cir. 1988) (quoting Harrison v. United States, 392 U.S. 219, 222 (1968)).

Based on this law, and in light of the fact that Defendant did not oppose the use of his prior testimony, the Court **GRANTS** the Government's motion. However, the Court will entertain any objections Defendant may have concerning the need to supplement any statements admitted by the Government to prevent misleading the jury.

7. <u>Defendant Fabricant's Motion to Re-Open the First Pre-Retrial Discovery Motion</u>

Defendant's Motion is **DENIED**. Based on this Court's ruling on Defendant's Brady and Giglio Motion, the Court finds no justification to reopen discovery. Moreover, there is no general discovery in criminal matters. Weatherford v. Bursey, 429 U.S. 545, 559 (1977)("[t]here is no general constitutional right to discovery in a criminal case.")

///
///

8. <u>Defendant Fabricant's Motion to Exclude All Testimony and Recordings which Violate the Priest-Penitent Privilege</u>

    Defendant alleges in his Motion that both he, and the confidential informant, Michael Kramer, are clergy with the Universal Life Church.  As such, Defendant maintains that any communications between the two are protected by the priest-penitent privilege.

    Congress refused to expressly include a priest-penitent privilege in the Federal Rules of Evidence. <u>United States v. Zolin</u>, 491 U.S. 554, 562 (1989). Instead, Congress adopted Federal Rule of Evidence 501 which provides that privileges will be "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."  Fed. R. Evid. 501.

    While the Ninth Circuit has not explicitly found that such a privilege exists, the Third Circuit held that the "privilege protects communications to a member of the clergy, in his or her spiritual or professional capacity, by persons who seek spiritual counseling and who reasonably expect that their words will be kept in confidence."  <u>See</u> <u>United States v. Webb</u>, 615 F.2d 828 (9th Cir. 1980).

    Defendant has failed to establish that any

privilege would apply to any of the claimed statements. There were no circumstances detailed that would allow the Court to conclude that any conversations to be excluded were made by persons in their spiritual or professional capacity, or were made by persons who sought spiritual counseling and who reasonably expected that their words will be kept in confidence. Defendant's request for such a blanket exclusion based on the priest-penitent privilege is unjustifiable.

    Therefore, Defendant's Motion is **DENIED**.

9. <u>Government's Ex Parte Application re: Order of Non-Disclosure</u>

    With this Motion, Government seeks to protect the new identity and location of a confidential informant. In arguing that the identity of the informant must be revealed, Defendant relies in part on <u>Smith v. Illinois</u>, 390 U.S. 129 (1968), where the Supreme Court held that allowing a witness to testify under a pseudonym without revealing his identity or place of residence to the defense violated the defendant's fundamental right to confront witnesses against him.

    Despite this broad ruling, many Courts have limited its application. <u>See, e.g.</u>, <u>Clark v. Rickets</u>, 942 F.2d 567 (9th Cir. 1991)(holding that the jury does not have the right to hear the true address or identity of a

witness, provided the information is divulged to the defense); <u>United States v. Chavez-Vernaza</u>, 844 F.2d 1368, 1376 (9th Cir. 1987) (cross-examination properly limited where witnesses revealed true names and occupations but not true addresses and defendant was allowed to obtain their addresses outside presence of jury); <u>United States v. Washington</u>, 797 F.2d 1461, 1474 (9th Cir. 1986) (right of cross-examination may be restricted if necessary to protect personal safety of witnesses); <u>United States v. Rangel</u>, 534 F.2d 147, 148 (9th Cir. 1976)(witness need not reveal true name, address and phone number where *in camera* evidence convinced judge witness's personal safety would be jeopardized by such disclosure).

The right of the defendant to have the witness' true name, address and place of employment is not absolute. <u>See</u> <u>United States v. Ellis</u>, 468 F.2d 638, 639 (9th Cir. Cal. 1972), (<u>citing</u> <u>United States v. Palermo</u>, 410 F.2d 468, 472 (7th Cir. Ill. 1969). However, the threat to the witness must be actual and not a result of conjecture. <u>Id</u>. The government bears the burden of proving to the district judge the existence of such a threat. <u>Id</u>.

In the instant matter, Government has stated that there is a substantial risk to the informant should his current identity and location be revealed. Government

maintains that this risks remains present whether the identifying information is revealed to Defendant alone or to the public in general.

The Court requires additional support for this proposition.  Defendant accurately points out that his criminal history does not list any violent offense that would seemingly support a contention that Defendant personally poses a risk to the informant.  Further, Government does not allege that Defendant personally presents a risk to the informant or his family.

Therefore, the Court hereby Orders Government to produce supporting information for an *in camera* review so the Court may better assess the potential risks faced by the informant should his identity be revealed. Government shall have fourteen days with which to comply with this Order.

10.      <u>Defendant Fabricant's Motion to Re-Open the Government's Motion in Limine to Exclude Informant Michael Kramer's Statements About African Americans</u>

With this Motion, Defendant seeks to relitigate the Court's prior ruling that witness Michael Kramer's March 28, 2002 derogatory statements regarding African American's was inadmissible as irrelevant.

Based on this Court's ruling to the above Motion

15

under the Law of the Case doctrine, the Court hereby **DENIES** Defendant's Motion.  There are no changes in circumstances that would warrant a relitigation of this matter.

Independently, Federal Rule of Evidence 403, which precludes the admission of evidence where the probative value is substantially outweighed by the prejudicial effect, would require this Court to exclude the evidence.  The probative value of the witnesses' apparent racism is minimal because race does not play any role in this case.

Additionally, the prejudicial effect is immense, jurors are likely to have a visceral reaction to hearing these statements in open court.

Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_/S/_
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

DATE: August 20, 2008