UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. CR 03-1257(A)-RSWL<br>)<br>) ORDER RE: MOTIONS IN |
| Plaintiff, | ) LIMINE AND RELATED MOTIONS |
| v. | ) |
| DANIEL JOSEPH FABRICANT | ) |
| Defendant. | ) |

On September 19, 2008 this Court heard various Motions filed by Defendant Daniel Joseph Fabricant ("Defendant") and the Government. Plaintiff, United States of America, appeared through its counsel of record, Assistant United States Attorneys April A. Christine and Martin Estrada, and Defendant Daniel Joseph Fabricant appeared pro se with co-counsel of

record, Sean K. Kennedy, the Federal Public Defender. The Court having reviewed all papers submitted pertaining to each of these Motions and considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

1.  <u>Fabricant's Motion for an Order Requiring the Government to Provide Copies of Certain Recordings</u>

    Defendant's Motion is **DENIED.** The Court has reviewed the documents provided by the Government <u>in camera</u> and under seal, and finds that the evidence requested is not material under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Furthermore, Defendant is already in possession of written summaries of the recordings as well as other sufficient impeachment evidence, making disclosure of the recordings unnecessarily duplicative. Accordingly, Government's In Camera and Under Seal Ex Parte Application for Order of Non-Disclosure Re: ATF ROIs is **GRANTED.**

2.  <u>Fabricant's Motion to Continue the Trial Date</u>

    Defendant's Motion is **DENIED.** Trial in this matter will proceed as scheduled on September 23, 2008 at 9:00 a.m.

3.   <u>Fabricant's Motion In Limine to Exclude any Testimony from DEA Agent John J. Seider</u>

Defendant's Motion is **DENIED.**  The request by Defendant for further information is beyond the scope of what is required by Federal Rule of Criminal Procedure 16.  The Government has complied with the disclosure requirements of Rule 16.

4.   <u>Fabricant's Motion In Limine To Preclude the Government from Using any Previously Undisclosed Report of Investigation or Audio or Audio/Video Recording at Any Point During Trial</u>

Defendant's Motion is **DENIED.**  This Court has previously ordered the Government to disclose to Defendant evidence material under Federal Rule of Criminal Procedure 16, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  This Order remains in effect requiring the Government to produce any evidence either material to preparation of the defense or that the Government intends to use in its case-in-chief.

To the extent that Defendant's herein Motion attempts to preclude use of undisclosed evidence which is not material to preparation of the defense or which the Government does not intend to use in its case-in-

chief, Defendant's Motion is **DENIED.**

5. <u>Fabricant's Motion for an Order Permitting Him Access to Paperwork and Documents in the Marshal's Holding Tanks, in the Mornings and During the Lunch Break, During the Trial</u>

   Defendant's Motion is **DENIED.**  The Court defers to the judgment and policies of the United States Marshals Service with regard to the transport and pre-trial detention of Defendant.

6.   <u>Government's Motion in Limine for an Order Excluding Impeachment of Government Witness through the Use of Extrinsic Evidence</u>

   Government's Motion is **GRANTED IN PART AND DENIED IN PART.**  With respect to extrinsic evidence regarding prior convictions of the Government witness, this evidence is admissible under Federal Rule of Evidence 609(a).  Government's Motion with respect to prior convictions is therefore **DENIED.**
   With respect to extrinsic evidence regarding "other bad acts" which have not resulted in criminal conviction, such evidence is inadmissible under Federal Rule of Evidence 608(b).  Government's Motion with respect to "other bad acts" not resulting in criminal

conviction is therefore **GRANTED.**

    This Order pertains to extrinsic evidence generally, and the Court defers and reserves judgment on the admissibility of specific evidence until particular objections arise.

7. <u>Government's Motion in Limine Re: Admissibility of Anticipated Testimony of Witness Rachel Lee Meyer</u>

    Government's Motion is **GRANTED.**  The witness's testimony is admissible generally, but the Court defers and reserves judgment on objections to specific testimony for a determination of whether such specific evidence is privileged.

**IT IS SO ORDERED.**

                                         */s/ Ronald S.W. Lew*
                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge

DATE: September 19, 2008