**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>DANIEL JOSEPH FABRICANT,<br><br>        Defendant.<br>_____ | CR 03-1257-RSWL<br><br>**ORDER RE: DEFENDANT'S MOTION FOR A NEW TRIAL, MOTION FOR A JUDGMENT OF ACQUITTAL, AND MOTION TO CORRECT HIS NAME IN THE COURT FILE.** |

    Before the Court are Defendant's (1) Motion for a New Trial [691, 758] (2) Motion for a Judgment of Acquittal [692], and (3) Motion to Correct His Name in the Court File [787]. The Court having reviewed all papers submitted pertaining to these Motions and having considered all arguments presented to the Court,

**NOW FINDS AND RULES AS FOLLOWS:**

///

**I. Motion for a New Trial**

Defendant's Motion for a New Trial is **DENIED**. Defendant and Defendant's Co-Counsel set forth various grounds for a new trial, none of which warrants the Court granting Defendant's Motion.

A. <u>Defendant's Self Representation</u>

Defendant's Co-Counsel argues that the Court should not have allowed Defendant to represent himself in light of the recent Supreme Court decision in <u>Indiana v. Edwards</u>, 128 S.Ct. 2379 (2008). In <u>Edwards</u>, the Supreme Court permitted trial courts to insist on representation from counsel when a defendant is competent enough to stand trial but suffers from sufficiently severe mental illness such that the defendant would not be able to competently conduct trial proceedings. <u>Id.</u> at 2387-88.

Here, the Court was not concerned that Defendant was too mentally ill to conduct trial proceedings when the Court decided that Defendant can represent himself. Thus, as nothing in <u>Edwards</u> affects the Court's prior decision to allow Defendant to proceed *pro se*, a new trial is not warranted on that basis.

B. <u>Simple Possession Jury Instruction</u>

Defendant's Co-Counsel argues that the Court should have instructed the jury on the charge of simple

1  possession.  Defendant's Co-Counsel, however, agreed to
2  a set of jury instructions that did not contain an
3  instruction for simple possession.  Moreover, Defendant
4  himself never intelligibly voiced his objections to not
5  having a simple possession instruction.  The Court, for
6  its part, was not required to *sua sponte* instruct the
7  jury on the lessor included offense of simple
8  possession.  United States v. Boone, 951 F.2d 1526,
9  1541-41 (9th Cir. 1991).  Thus, the fact that no such
10 instruction was given is not a sufficient basis for a
11 new trial.
12      C.   Limiting Jury Instruction about Co-Defendant
13      Defendant argues that the Court should not have
14 given the jury a limiting instruction on the disposition
15 of Co-Defendant Myers case.  The Ninth Circuit, however,
16 has allowed courts to give limiting jury instructions
17 about the disposition of a co-defendant's case when
18 necessary.  See United States v. Barrientos, 758 F.2d
19 1152, 1157-58 (9th Cir. 1985).  Thus, the Court's
20 limiting jury instruction about Co-Defendant's Myers
21 case is not a sufficient basis for a new trial.
22      D.   Defendant's Direct Examination
23      Defendant's Co-Counsel argues that the Court's
27 alleged insistence that Co-Counsel Kennedy conduct
28 Defendant's direct examination deprived Defendant of the

opportunity to take the stand on his own behalf and violated Defendant's right to represent himself. The Court, however, merely stated that Defendant had to testify in a question-and-answer format and that Co-Counsel had to be involved. This requirement was sufficiently within the Court's authority to set procedural parameters around Defendant's presentation of evidence. See Fed. R. Evid. 611(a) (allowing the court to exercise reasonable control over the mode of interrogating witnesses). By setting this procedure, the Court neither prevented Defendant from testifying on his own behalf nor violated Defendant's right to represent himself. Thus, the Court's instruction regarding the direction of Defendant's testimony is not a sufficient basis for a new trial.

E.   Authority of Co-Counsel

Defendant argues that various actions by the Court and Co-Counsel Kennedy deprived Defendant of his Sixth Amendment right to represent himself by improperly shifting authority to Co-Counsel Kennedy.[1] This

---

[1] Defendant specifically objects to following actions as improperly shifting authority to Co-Counsel Kennedy: (1) the Court's pre-trial rulings regarding his *pro se* status, (2) Co-Counsel Kennedy's review of discovery with the Government on Defendant's behalf, (3) Co-Counsel Kennedy being the only person who was given a copy of the portions of Defendant's prior testimony read to the jury by the Government, (4) Co-Counsel Kennedy being the only person who was given certain trial materials by the Government, (5) Co-Counsel Kennedy deciding to

argument, however, is undermined by Defendant's specific request that Mr. Kennedy act as his co-counsel and Defendant's acknowledgment to the Court that Co-Counsel Kennedy was representing him.  None of the alleged actions taken by either Co-Counsel Kennedy or the Court that Defendant currently objects to deprived Defendant of his Sixth Amendment right to represent himself.  Co-Counsel Kennedy was specifically authorized by Defendant to communicate with the Government on his behalf. Moreover, Defendant did not object to these actions by Co-Counsel Kennedy when given the opportunity.  Thus, the actions by Co-Counsel Kennedy and the Court that allegedly gave Co-Counsel Kennedy improper authority are not sufficient bases for a new trial.

  F. <u>Newly Discovered Evidence</u>

  Defendant argues that a retest analysis of the methamphetamine samples conducted by Forensic Toxicology Associates is important newly discovered evidence. However, the retest analysis was available to Defendant before the start of trial and thus would not qualify as "newly discovered" evidence.

---

not file certain pleadings Defendant sent to him in order to be filed, and (6) Co-Counsel Kennedy not providing Defendant with a copy of a CD containing a video that Defendant wanted to show to an expert witness the Government intended to call.

Moreover, Defendant concedes that access to the retest analysis would have only allowed him to make a more compelling case for a lesser sentence and would not have probably resulted in his acquittal.  In order to succeed on his Motion for a New Trial based on newly discovered evidence, Defendant must show that introduction of such evidence would probably have resulted in acquittal.  <u>United States v. George</u>, 420 F.3d 991, 1000 (9th Cir. 2005); <u>United States v. Lopez</u>, 803 F.2d 969, 977 (9th Cir. 1986).  For these reasons, the retest analysis is not a sufficient basis for a new trial.

G.   <u>Reference to Joe Carse</u>

Defendant argues that the Court's admission of a photocopy of identification cards found in Defendant's wallet bearing the name of the alias Joe Carse was improper because of the Court's previous order excluding evidence of Defendant's use of an alias.  As Defendant did not object to introduction of the photocopy during trial, Defendant can only now succeed on his Motion for a New Trial based on the photocopy if he can show that the admission of the photocopy by the Court was "plain error." <u>United States v. Barry</u>, 627 F.2d 193, 199 (9th Cir. 1990). A "plain error" is one that "seriously affects the fairness, integrity, or public reputation of

the judicial proceedings." <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993). In his Motion, Defendant fails to prove that admission of the photocopy was "plain error." Thus, introduction of the photocopy of the identification cards bearing the name of the alias Joe Carse is not a sufficient basis for a new trial.

**II. Motion for a Judgment of Acquittal**

Defendant's Motion for a Judgment of Acquittal is **DENIED**. Defendant argues that the Government did not establish the chain of custody for exhibits 3 through 10, and 40. The Court, however, finds that the Government properly laid the chain of custody for exhibits 3 through 10, and 40 by the accompanying documentation provided with the exhibits as well as the trial testimony regarding handling, transportation, and identification of the exhibits provided by Agent Ciccone, Agent Hamilton, and Ms. DiPari, the chemist for the Drug Enforcement Administrator.

Moreover, the alleged gaps in the chain of custody for exhibits 3 through 10, and 40 do not, viewing all evidence in the light most favorable to the government, establish that a rational trier of fact could not have found all the elements of the crimes charged beyond a reasonable doubt. Absent such a showing, Defendant

1  cannot succeed on his Motion for a Judgment of
2  Acquittal. <u>United States v. Harrington</u>, 923 F.2d 1371,
3  1374 (9th Cir. 1991).
4
5  **III. Motion to Correct his Name in the Court File**
6  Defendant's Motion to Correct His Name in the
7  Court File is **GRANTED.** Defendant's name in the court
8  file will be "Danny Joseph Fabricant."
9
10 **IT IS SO ORDERED.**
11
12 Dated: October 6, 2009
13
14               _____/S/_____
                   **HONORABLE RONALD S.W. LEW**
15               Senior, U.S. District Court Judge