1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10
11
12   UNITED STATES OF AMERICA,     )   CR 03-01257-RSWL-1
                                    )
13                                  )
                      Plaintiff,    )   **ORDER re: Defendant's Ex**
14                                  )   **Parte Request for the**
         v.                         )   **Appointment of**
15                                  )   **Investigator Lee Cole**
                                    )   [987]
16   DANNY FABRICANT,               )
                                    )
17                                  )
                      Defendant.    )
18   ───────────────────────────────)

19        Currently before the Court is Petitioner Danny

20   Fabricant's ("Petitioner") Ex Parte Request for the

21   Appointment of Investigator Lee Cole [987].  Petitioner

22   submits this Request to "assist him in the preparation

23   and prosecution of his 28 U.S.C. § 2255 . . . Motion,"

24   which Petitioner anticipates filing in the future.

25   Petitioner seeks government funds for the investigative

26   services of Lee Cole pursuant to Rule 6(a) of the Rules

27   Governing Section 2255 Proceedings for the U.S.

28   District Courts ("Rule 6(a)") and/or 18 U.S.C. §

                                    1

3006A(e).  The Court, having considered all papers submitted pertaining to this Request, **NOW FINDS AND RULES AS FOLLOWS:**

Defendant's Ex Parte Request is **DENIED without prejudice**.  Because Petitioner has not yet filed his anticipated 2255 motion, neither Rule 6(a) nor 18 U.S.C. § 3006A(e) authorizes the Court to grant Petitioner's request.

Rule 6(a) allows a district court to authorize a party to conduct discovery after the party has filed a 2255 motion with the district court.  Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rules 1, 6(a), <u>available at</u> http://www.uscourts.gov/uscourts/rules/2254-2255.pdf. Because Petitioner has not yet filed a 2255 motion with the Court, Rule 6(a) is inapplicable to Petitioner's Request.  <u>See</u> <u>Calderon v. U.S. Dist. Ct. N.D. Cal.</u>, 98 F.3d 1102, 1004 (9th Cir. 1996) (holding that the analogous Rule 6(a) of the Rules Governing 2254 Proceedings does not authorize pre-petition discovery).

Authorization of government funds for investigative services under the Criminal Justice Act ("CJA"), codified in 18 U.S.C. § 3006A, requires a multi-step analysis, following both the CJA and the CJA Guidelines.

First, Section 3006A(e) allows for court-ordered authorization of government funds for investigative services "upon request" by "[c]ounsel for a person who

is financially unable to obtain investigative . . .
services necessary for adequate representation" after
the court makes an "inquiry in an ex parte proceeding,
that the services are necessary and that the person is
financially unable to obtain them," and then only "if
the services are required in connection with a matter
over which [the court] has jurisdiction."  18 U.S.C. §
3006A(e)(1).  However, before any ex parte proceeding
is warranted, the Court must make at least three
threshold determinations.  The first is whether Section
3006A(e) even authorizes government funds for
investigative services prior to the movant filing a
habeas motion.  If so, the CJA Guidelines require two
additional determinations: 1) that Petitioner is
"eligible for representation" under the CJA, and 2) the
"threshold determination" that Petitioner's case "is
one in which the interests of justice would have
required the furnishing of representation."  Guide to
Judiciary Policy, Vol. 7, Pt. A, Ch. 3, § 310.10.30(b)
(2013).

    The language of the CJA, as well as public policy,
convinces the Court that the CJA does not allow for
authorization of government funds for pre-petition
investigative services.  See, e.g., United States v.
Hodge, Crim. No. 12-7 (RHK), 2013 WL 5467301, at *3 (D.
Minn., Sept. 30, 2013) (refusing to appoint counsel
under the CJA to help a prisoner investigate and
present claims for post-convention relief when the

prisoner had not yet filed a motion); id. ("As a
general rule, . . . federal district courts will not
appoint counsel to help prisoners investigate and
present potential claims for post-conviction relief.").

Further, when a *pro se* movant is requesting
government-funded investigative services, the CJA
Guidelines require that the movant be "eligible for
representation" under the CJA.  Guide to Judiciary
Policy, Vol. 7, Pt. A, Ch. 3, § 310.10.30(a) (2013).
Subsection (a) of the CJA states that a person is
eligible for representation if he is "*seeking* relief
under section . . . 2255 of title 28."  18 U.S.C. §
3006A(a)(emphasis added).  As Petitioner has not filed
his anticipated 2255 motion with the Court, Petitioner
is not yet "seeking relief" under 2255 of title 28.
Thus, Petitioner is not eligible for representation
under the CJA and, in turn, is not eligible for
government-funded investigative services under
subsection (e).  See Guide to Judiciary Policy, Vol. 7,
Pt. A, Ch. 3, § 310.10.30(b) (2013); Watts v. Santos,
48 F.3d 1230, at *2 (9th Cir. 1995) (unpub. op.).

Even if Petitioner was eligible for representation
under subsection (e) of the CJA, the Court still must
make a "threshold determination" that Petitioner's case
"is one in which the interests of justice would have
required the furnishing of representation."  Guide to
Judiciary Policy, Vol. 7, Pt. A, Ch. 3, § 310.10.30(b)
(2013).  "Unless and until [a prisoner] files a timely

4

motion . . . pursuant to 28 U.S.C. § 2255, it cannot be determined whether, in the interests of justice, the appointment of counsel and/or the provision of funds to obtain investigatory or expert assistance, is required." <u>United States v. Howard</u>, No. CR-F-04-5234, 2008 WL 2489854,at *1 (E.D. Cal., June 16, 2008) (noting that a prisoner has "no statutory or constitutional right to these funds in the absence of [sic] timely Section 2255 motion asserting the claims upon which he seeks relief"). Because Petitioner has not yet filed a 2255 motion, this "threshold determination" cannot be made. <u>See, e.g.</u>, <u>Watts v. Santos</u>, 48 F.3d 1230, at *2 (9th Cir. 1995) (unpub. op.) ("Because [Petitioner] failed to file a habeas corpus petition setting forth the grounds for relief, the district court was unable to evaluate his request for the appointment of counsel.").

Finally, even if Petitioner was eligible for investigative services under subsection (e), Petitioner has not shown how the requested investigative services are "necessary" in Petitioner's case. <u>See</u> 18 U.S.C. § 3006A(e). Because Petitioner has not stated on what grounds his 2255 motion will be based, the Court is unable to determine the necessity of Petitioner's requested investigative services. <u>See, e.g.</u>, <u>Smith v. Dretke</u>, 422 F.3d 269, 288 (5th Cir. 2005) ("This court has upheld the denial of such funding [under the CJA] when a petitioner has (a) failed to supplement his

funding request with a viable constitutional claim that is not procedurally barred or (b) when the sought-after assistance would only support a meritless claim or (c) when the sought after assistance would only supplement prior evidence." (internal citations omitted)); <u>Rojem v. Gibson</u>, 245 F.3d 1130, 1139 (10th Cir. 2001) ("[The petitioner's] requests for experts and an investigator were speculative, merely suggesting, without more, that such assistance would have been beneficial.").

Because the Court is not authorized to grant Petitioner's Request, the Court **DENIES** Defendant's Request without prejudice.  Petitioner may renew his request for investigative services after filing his 2255 motion with the Court.

**IT IS SO ORDERED.**

DATED: September 18, 2014

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge